**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD STANLEY MILLS, CDCR #C-30008,<br><br>            Plaintiff,<br><br>vs.<br><br>WARDEN, Calipatria State Prison, et al.,<br><br>            Defendants. | Civil No.   15-cv-2491 GPC (PCL)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Edward Stanley Mills ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL"), in Calipatria, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff contends CAL's Warden, the California Department of Corrections [and Rehabilitation] ("CDCR"), and CAL Correctional Officer D. Bell violated his due process rights by including false information in a CDCR 115 Rules Violation Report charging him with the use of a controlled substance. *See* Compl. at 3-4, 22-28. He seeks injunctive relief as well as general and punitive damages. *Id.* at 6.

/ / /

/ / /

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the Plaintiff is a prisoner at the time of filing, as Plaintiff is in this case, he may be granted leave to proceed IFP, but he will remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 2016 WL 112684 at *3 (U.S. Jan. 12, 2016) (No. 14-844); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

For the reason explained above, the Court:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open this case by: (a) prepaying the entire $400 civil filing and administrative fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint as is required by 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b);[2] and

(3) **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, his case will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED**.

DATED: February 2, 2016

HON. GONZALO P. CURIEL
United States District Judge

---

[2] Plaintiff is cautioned that if he chooses to proceed further by either pre-paying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service upon any defendant and may be immediately dismissed pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he pays the full filing fee up front, or is granted leave to proceed IFP and to pay it in monthly installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").