UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD STANLEY MILLS, CDCR #C-30008,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN, Calipatria State Prison, et al.,<br><br>Defendants. | Case No.: 3:15-cv-2491-GPC-PCL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 3]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

EDWARD STANLEY MILLS ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL") and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff did not pay the filing fees required by 28 U.S.C. § 1914(a) at the time he filed his Complaint; he has, however, since filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

/ / /

## I.   Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report from CAL pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 3-8; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff had no monthly deposits, carried no balance in his trust account during the 6-month period preceding the filing of this action, and had an available balance of zero at the time of filing. Therefore, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because it appears Plaintiff is unable to pay any initial fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3), declines to "exact" any initial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint,

which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

/ / /

### B. Plaintiff's Allegations

Plaintiff contends CAL's Warden, the California Department of Corrections and Rehabilitation ("CDCR"), and CAL Correctional Officer D. Bell violated his due process rights. Specifically, Plaintiff claims Officer Bell "lied" in a CDC 115 Rules Violation Report ("RVR"), dated January 7, 2015, which charged him with the use of a controlled substance in violation of CAL. CODE REGS., tit. 15 § 3016(a), by claiming Plaintiff's random urine sample was collected in the "D-Medical" unit, instead of in the D-yard gym. *See* ECF No. 1 at 2-4, 10, 22-23. Plaintiff claims Bell "admitted" this during his January 19, 2015 RVR hearing, *id.* at 3, but he was nevertheless "found guilty" and "given the maximum punishment" in violation of "due process." *Id.* at 4. Plaintiff seeks injunctive relief restoring his contact visits and removing him from mandatory drug testing, as well as $55,000 in general and punitive damages. *Id.* at 6.

#### 1. CDCR

First, the Court notes that Plaintiff includes the CDCR as a Defendant in the caption of his Complaint (ECF No. 1 at 1), but nowhere in the body of his pleading does he include any factual allegations which might plausibly show how or why the CDCR could be held liable pursuant to 42 U.S.C. § 1983. *See Iqbal*, 556 U.S. at 678; *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). The CDCR is not a "person" subject to suit under § 1983. *See Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983). And if by including the CDCR in the caption, Plaintiff instead intends to sue California itself, his claims would be barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit

against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted). Therefore, to the extent Plaintiff names the CDCR as a Defendant, his claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### 2. Unnamed Warden of CAL

Second, Plaintiff also includes an unidentified Warden at CAL as a Defendant (ECF No. 1 at 1, 2), but his Complaint includes no "factual content" describing the Warden's role in either his drug testing or the RVR hearing held afterward, which would "allow[] the court to draw the reasonable inference that the [Warden] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"All § 1983 claims must be premised on a constitutional violation." *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his constitutional rights. *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070 (9th Cir. 2014). Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 672-673; *Jones*, 297 F.3d at 934. Instead, supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 625 F.3d 1202, 1205-06 (9th Cir. 2011).

Because Plaintiff fails to allege any "factual matter" to suggest how or to what extent CAL's Warden personally participated in either his drug testing or the RVR proceedings which form the basis of his alleged due process claim, his Complaint "fails to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678; *Taylor*, 880 F.2d at 1045, and his claims against the unnamed Warden must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

### 3. Correctional Officer Bell

Plaintiff's allegations as to Correctional Officer Bell are more specific. He alleges Bell violated his right to due process of law when he "lied about where [his] urine sample was taken." *See* ECF No. 1 at 2. Plaintiff contends that the RVR Bell issued on January 7, 2015, which charged him with use of a controlled substance after a toxicology report concluded his urine tested positive for methamphetamine, was "falsified" insofar as Bell reported the urine was collected in the restroom of the "D" Medical Clinic, and not in the D-yard gym. *Id.* at 3-4, 10, 22.

Insofar as Plaintiff challenges the issuance of his RVR on grounds that it included false information as to the location of his drug testing, he cannot state a claim. *See e.g.*, *Dawson v. Beard*, 2016 WL 1137029 at *5-6 (E.D. Cal. 2016) ("The issuance of a false RVR, alone, does not state a claim under section 1983."); *Ellis v. Foulk*, 2014 WL 4676530, at *2 (E.D. Cal. 2014) (noting that claims of arbitrary action by prison officials are grounded in "'the procedural due process requirements as set forth in *Wolff v. McDonnell*.'") (quoting *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)); *Solomon v. Meyer*, 2014 WL 294576, at *2 (N.D. Cal. 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing *Chavira v. Rankin*, 2012 WL 5914913, at *1 (N.D. Cal. 2012) ("The Constitution demands due process, not error-free decision-making.")); *Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d. Cir. 1986)).

Insofar as Plaintiff challenges the validity of the disciplinary proceedings which resulted from the January 7, 2015 RVR issued by Correctional Officer Bell on grounds that they violated his right to procedural due process, he also fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

///

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's Complaint fails to allege facts which show that any disciplinary punishment he faced as a result of his positive drug test subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction. Nor does he allege the duration of his term of discipline, or the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).

And while the exhibits attached to his Complaint indicate Plaintiff did suffer the loss of yard, phone, work, and visitation privileges (ECF No. 1 at 27), his pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Correctional Officer Bell's actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85. Indeed, the loss of privileges like yard time, phone access, or visitation are "within the range of confinement to be normally

expected for one serving [the underlying sentence]"). *Id.* at 487; *see also Davis v. Small*, 595 F. App'x 689, 691-92 (9th Cir. 2014); *Higdon v. Ryan*, No. CV 13-0475-PHX-DGC, 2014 WL 1827156, at *5 (D. Ariz. May 8, 2014) (noting that the "loss of contact visitation cannot form the basis for an independent due process violation," and dismissing claims that the denial of contact visitation was a "significant and atypical hardship" under *Sandin*).

In addition, even if Plaintiff had alleged facts sufficient to invoke a protected liberty interest under *Sandin*, he still fails to plead factual content to show he was denied the procedural protections the Due Process Clause requires. *See Ramirez,* 334 F.3d at 860 ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process."). Those procedures include: (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the fact-finder of the evidence relied on and reasons for the disciplinary action; (3) the right to call witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5) assistance from fellow inmates or prison staff in complex cases. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974).

Plaintiff does *not* allege that he was denied any of the procedural safeguards required by *Wolff*. Indeed, Plaintiff's own exhibits show he was provided notice prior to his RVR hearing, given a written statement of the charges, presented with both the physical and documentary evidence supporting the charge of violating CAL. CODE REGS., tit. 15 § 3016(a) (use of a controlled substance), and provided an opportunity to defend. In fact, Plaintiff specifically "raised the issue of the collection area" during his January 19, 2015 RVR hearing, as well as in his administrative appeal challenging Bell's actions. *See* ECF No. 1 at 8-9, 11, 26-28.

Finally, to the extent Plaintiff appears to challenge either the reliability or sufficiency of the evidence used to support the disciplinary conviction itself, he also fails to state a claim. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff alleges Correctional Officer Bell "lied" in his initial RVR by claiming his urine sample was taken in the D Medical

Clinic, when it was instead collected in the D-yard gym. (ECF No. 1 at 2-3.) Plaintiff argues this was not merely a "typo" as Bell explained when challenged during the disciplinary hearing that followed, and that it instead constituted "misinformation" in violation "D.O.M. section 52010.17" and "the D.O.M. section 52010.18" which require drug testing be conducted "in a secure or clean area." (ECF No. 1 at 3, 4.)[2]

Plaintiff's exhibits show, however, that the Senior Hearing Officer ("SHO") considered Plaintiff's objections as to the location of his drug testing during his January 19, 2015 disciplinary hearing, and "based upon testimony of Correctional Officer Bell" nevertheless "determined that the issue would have no bearing on the results" because "all protocols were followed by . . . Bell in the collection of the sample for testing." (*Id.* at 26.) Therefore, the SHO concluded, based on "a preponderance of evidence," which included Bell's RVR, his testimony as to protocol, and the toxicology results procured from the National Toxicology Laboratory, that Plaintiff was guilty for violating CAL. CODE REGS., tit. 15 § 3016 (use of a controlled substance). *Id.*

*Wolff* does not require either judicial review or a "specified quantum of evidence" to support the fact finder's decision. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985). Rather, a prison disciplinary board's findings are upheld where they "are supported by some evidence in the record." *Hill*, 472 U.S. at 454-55. The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-56).

---

[2] These sections of the CDCR's Operations Manual, which govern urine sample collection procedures, provide that "[o]nly staff properly trained and certified in the collection and processing of urinalysis samples shall be involved with the urine testing process," CAL. DEPT. CORR. OP. MAN., § 52010.17 (2016), and that "[t]he securing of a urine sample from an inmate for the purpose of testing for the presence of controlled substances or for the use of alcohol shall be conducted in accordance with CCR 3290(c). When collecting the urine sample, staff shall ensure that reasonable security is maintained, consideration is given to the privacy of the inmate, and the test is conducted in a sanitary manner. All urine collection shall be conducted in an area designated by the Institution Head." *Id.* § 52010.18.

Here, the exhibits attached to Plaintiff's Complaint are sufficient to show his disciplinary conviction was supported by "some evidence." *Hill*, 472 U.S. at 454-55. At bottom, Plaintiff asks this Court to disbelieve Correctional Officer Bell's testimony, but the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. The Constitution does not even "require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Even where the evidence "might be characterized as meager," if "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," those findings must be upheld. *Id; see also Martinez v. Busby*, No. EDCV 11-604 VAP FFM, 2013 WL 1818268, at *7 (C.D. Cal. Mar. 7, 2013) (report and recommendation to dismiss prisoner's due process / sufficiency of the evidence challenge to prison disciplinary conviction for use of a controlled substance in violation of CAL. CODE REGS. tit. 15, § 3016(a)), *adopted*, No. EDCV 11-604 VAP FFM, 2013 WL 1800439 (C.D. Cal. Apr. 29, 2013).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a due process claim as to any Defendant, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding pro se, however, and the Court has now provided him with "notice of the deficiencies in his complaint," it will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III.   Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by

garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** this civil action for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

//
//
//
//
//
//

1  If Plaintiff fails to file an Amended Complaint within the time provided, this civil
2  action will remain dismissed without prejudice based on Plaintiff's failure to state a claim
3  upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and
4  1915A(b)(1).

5  **IT IS SO ORDERED**.

6  Dated:  June 28, 2016

    Hon. Gonzalo P. Curiel
    United States District Judge